UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC, | Case No. 17-cv-03915-JCS |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION RE SUA SPONTE REMAND TO STATE COURT** |
| DEIRDRA GONZALEZ, | |
| Defendant. | |

## I.      INTRODUCTION

This is a forcible detainer action originally filed in the California Superior Court for the County of Contra Costa and assigned the case number RS17-0006 in that court (the "State Court Action").  Defendant Deirdre Gonzalez removed the case to this Court on July 11, 2017 and filed an Application to Proceed in Forma Pauperis ("Application") on the same date.  The undersigned issued an order for additional information in support of the Application on July 17, 2017 setting a deadline of August 11, 2017 for Gonzalez to provide the requested information.  As of the date of this Report and Recommendation no response has been filed and the Application is still pending.  On July 24, 2017 and July 31, 2017, the undersigned issued two Orders seeking additional information about the citizenship of Plaintiff Breckenridge Property Fund 2016, LLC ("Breckenridge") for the purposes of diversity jurisdiction.  Breckenridge has filed two declarations in response to the Court's Orders.  On July 25, 2017 Gonzalez filed a declination to magistrate judge jurisdiction under 28 U.S.C. § 636(c).  Therefore, this case will be assigned to a United States district judge for further proceedings, including action on these recommendations.  Any party that wishes to file an objection to these recommendations may do so **no later than**

**fourteen days after being served with a copy of this Report.**[1]

## II.    ANALYSIS

### A.    Legal Standards Regarding Remand

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court, that is, if the court has federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. 28 U.S.C. § 1441. Further, Section 1441(b) "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). The Ninth Circuit has held that this "forum defendant rule" is procedural rather than jurisdictional. *Id*.

A defendant seeking to remove a case to federal court must do so within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. § 1446(b). "The time limits for removal specified in 28 U.S.C. § 1446(b) are procedural rather than jurisdictional." *Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1212 (9th Cir. 1980). Further, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal  . . . ." 28 U.S.C.A. § 1447(a).

The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

---

[1] On July 21, 2017, Plaintiffs brought a Motion to Remand. The Opposition brief on that motion was due on August 4, 2017 but no Opposition was filed. In the Motion, Breckenridge challenged removal on the basis of both procedural and jurisdictional defects. Because the Court finds that there is no jurisdiction over this action it does not reach the procedural issues raised in the Motion to Remand.

(internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

The district court may remand an action to state court *sua sponte* based on lack of jurisdiction at any time prior to entry of judgment. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## B. Whether there is Federal Jurisdiction Over This Action

### 1. Federal Question Jurisdiction

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United State." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The law has long been "settled . . . that a case may not be removed to federal court on the basis of a federal defense." *See id.*

Forcible detainer is a state law claim that does not implicate federal law. *See, e.g.*, *Litton Loan Servicing, L.P. v. Villegas*, C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011). Consequently, there is no federal question jurisdiction over this action.

### 2. Diversity Jurisdiction

Diversity jurisdiction exists where more than $75,000 is in controversy and the action is between citizens of different States. 28 U.S.C. § 1332. Here, Breckenridge has submitted declarations showing that the parties are not completely diverse. In addition, it is apparent from the face of the complaint that the amount-in-controversy requirement is not met.

The Ninth Circuit has held that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006); *see also Alatorre v. Wastequip Mfg. Co. LLC*, No. 2:12-CV-02394-

3

MCE, 2012 WL 6628955, at *4 (E.D. Cal. Dec. 19, 2012) (holding that under *Johnson*, the citizenship of the defendant, which was an LLC, was "determined not by reference to its principal place of business and 'state of incorporation,' . . . but by the citizenship of its owners and members."). Breckenridge's responses to the Court's Orders for information about its citizenship establish that Breckenridge is a citizen of California for the purposes of diversity jurisdiction. *See* Declaration of Seth Cox, Dkt. No. 14-1. As Gonzalez states in the Notice of Removal that she is a citizen of California, *see* Dkt. No. 1 at 2, the parties do not satisfy the complete diversity requirement. [2]

As to the amount in controversy, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)). Here, the complaint states on the face page "Limited Civil Demand Does Not Exceed $10,000." Dkt. No. 1-1. The prayer reflects that Breckenridge is seeking $55.83 for each day in which Defendant is in unlawful possession of the property, starting on December 28, 2016. Breckenridge seeks an award of costs but does not request an award of attorneys' fees. Therefore, it is apparent from the face of the Complaint that the amount-in-controversy requirement is not met.

Further, while Gonzalez states in the Notice of Removal that $126,000 is at stake, she bases that amount on her own counterclaims for "trespass, impairment of contract, and

---

[2] Breckenridge asserts in the Motion to Remand that there is no diversity of citizenship because it is "a Limited Liability Company, duly organized under California Law and with its principal place of business within the State of California" while the removing party is also a resident of California. Motion to Remand at 7. As discussed above, citizenship of an LLC depends on the citizenship of its members, not on the law under which it is organized or its principal place of business. The Court also notes that the online business profile for Breckenridge on the website maintained by the California Secretary of State, of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence, reflects that Breckenridge is organized under the law of Delaware rather than California. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (taking judicial notice of business profile on California Secretary of State's website on the basis that under Rule 201 the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.").

infringement on private rights to property." Notice of Removal at 3-4. The amount in controversy is evaluated only with reference to the complaint and does not take into account counterclaims. *Jehu Hand v. Ed Bukstel & VitaminSpice*, No. SACV12907JVSRNBX, 2012 WL 12965942, at *3 (C.D. Cal. July 23, 2012) ("basing the amount in controversy solely on plaintiff's complaint is consistent with federal question jurisdiction, which is based solely on the allegations in plaintiff's complaint"); *Franklin v. Car Fin. Servs., Inc.,* No. 09CV1361LABAJB, 2009 WL 3762687, at *2 (S.D. Cal. Nov. 9, 2009) (finding that it is the "near unanimous rule" that "no part of the required jurisdictional amount can be met by considering a defendant's counterclaim to satisfy the amount in controversy requirement for removal jurisdiction purposes"); *Rla v. Cape Cod Biolab Corp*., No. C-01-3675 PJH, 2001 WL 1563710, at *3 (N.D. Cal. Nov. 30, 2001) ("The court agrees with the courts that have taken the position that counterclaims cannot be used to satisfy the amount-in-controversy requirement in removed cases"). Therefore, Gonzalez has not shown to a legal certainty that the amount in controversy in this case exceeds $75,000.

## III. CONCLUSION

It is recommended that the Court remand this action to the California Superior Court for the County of Contra Costa based on lack of federal jurisdiction over this action.


Dated: August 7, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge